IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID DWAYNE CASSADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-092 |
| | ) | |
| R.J. REYNOLDS TOBACCO CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison in Wrightsville, Georgia, commenced the above-captioned case *pro se* on December 16, 2013, alleging injuries caused by inhaling secondhand cigarette smoke while imprisoned. (See generally doc. no. 1.) Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because the amount in controversy purportedly exceeds $75,000 and Plaintiff and Defendants are citizens of different States. (Doc. no. 1, pp. 1-2.) Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I. SCREENING OF THE COMPLAINT**

**A. BACKGROUND**

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff, who has been incarcerated within the Georgia Department of Corrections for approximately twenty-one years,

entered prison as a healthy non-smoker, free from respiratory ailments of any kind. (Doc. no. 1, p. 12.) During his confinement, Plaintiff has been exposed to dangerous levels of toxic secondhand smoke by roommates and other inmates smoking tobacco products manufactured by Defendants. (Id. at 15.) Plaintiff began to experience breathing problems in 2007 and in 2008 a physician's assistant at Coastal State Prison in Garden City, Georgia noted abnormal lung sounds and referred plaintiff to a physician for an x-ray of his chest. (Id.) Since that time, Plaintiff has been diagnosed with increasingly serious lung ailments, culminating in a diagnosis of fibrosis on June 17, 2013. (Id. at 15-21.)

Plaintiff alleges that Defendants "have a[n] owed duty and corporate obligation . . . to protect non-consumers from impending health dangers or injury directly or indirectly caused by their tobacco products." (Id. at 3.) Since 1986, the United States Surgeon General has published numerous reports regarding the health effects of involuntary exposure to tobacco smoke. (Id. at 4-7.) Moreover, numerous lawsuits "involving tobacco related illness, disease and death in the United States have been filed." (Id. at 7.) This includes lawsuits filed by states seeking billions in damages. (Id.) According to Plaintiff, four major tobacco companies settled these suits in 1998 for more than $200 billion. (Id.) Despite these events, Defendants have continued to breach their duty to protect nonsmokers by "reasonably reduc[ing] the amount of toxic chemicals used in manufacturing their tobacco products." (Id. at 8.)

Defendants' breach of their duty is purportedly evidenced by their "refusal to fashion supplemental warning labels to become compliant with the Surgeon General's findings reflecting the impending life threatening danger of the exposure of nonsmokers

2

to tobacco smoke." (Id.) Defendants' marketing, advertising, and product label packaging "fail to meet his simple, yet life saving [sic] standard." (Id.) Plaintiff states he wrote three letters to Defendants, in 1998, 2007, and 2013, suggesting they change the labels on their products to include a health warning regarding the effects of tobacco smoke on non-smokers. (Id. at 12-14.) These letters were largely ignored (Id.)

Moreover, despite the Defendants' knowledge of the dangers to non-smokers, they "have hidden these truths from the public for quite some time." (Id. at 9.) Defendants have engaged in a "unified campaign of misinformation and denials regarding the dangerousness of their products upon nonsmokers who[,] unwittingly, are subject to it." (Id.) Plaintiff alleges that Defendants have engaged in the following "dishonest and gross negligent activities in violation of Georgia's tort laws":

1. Failing to inform the public of evidence known to them regarding the health hazards related to exposure to secondhand smoke;

2. Fashioning advertising and promotional campaigns that were misleading, or intentionally omitted facts known by Defendants of the danger of being exposed to secondhand smoke in order to deceive the public;

3. Making implied misrepresentations that tobacco products are safe and free from harmful effects, contrary to facts known by Defendants;

4. Conspiring to conceal, and suppress scientific research on the deadly effect of involuntary exposure of nonsmokers to tobacco smoke;

5. Knowingly manufacturing and selling tobacco "for decades" that caused both serious and fatal health implications on nonsmokers;

(Id. at 9-11; 24.)

Because of these acts and omissions, Plaintiff has suffered "permanent disabilities including severe asthma, chronic obstructive pulmonary disease and fibrosis." (Id. at 26.)

Additionally, Defendant's acts and omissions actions could "quite possibly" lead to Plaintiff's early death. (Id. at 9-11.)

**B.     DISCUSSION**

### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or

4

'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to Plead His Fraud Claim With Particularity.

Plaintiff alleges that Defendants made misrepresentations in advertising and promotional campaigns that tobacco products are safe and free from harmful effects and intentionally omitted facts known to them of the danger of being exposed to secondhand smoke. These allegations fail to state a claim because Plaintiff has not pled his claim with particularity sufficient to satisfy the prima facie elements of a fraud claim under Georgia laws or the pleading standard of Fed. R. Civ. P. 9(b). "Pursuant to Georgia law, a plaintiff asserting a fraud claim must establish the following elements: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. Johnson v. GAPVT Motors, Inc., 663 S.E.2d 779, 783 (Ga. Ct. App. 2008). Additionally, a plaintiff is required to plead fraud with particularity in accordance with

5

Fed. R. Civ. P. 9(b). "Rule 9(b) requires the following elements to be alleged: (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Moore v. Mylan Inc., 840 F. Supp. 2d 1337, 1349-50 (N.D. Ga. 2012) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

Here, Plaintiff merely states vaguely that Defendants made misrepresentations in advertising and promotional campaigns that tobacco products are safe and free from harmful effects and intentionally omitted facts known to them of the danger of being exposed to secondhand smoke. With regard to both omissions and misrepresentations, Plaintiff has not explained the time, place, or context in which Defendants made the misrepresentations or omissions or the person responsible for doing so. See Moore, 840 F. Supp. 2d at 1349-50. Additionally, he has not explained specifically how these misrepresentations or omissions misled him or in what way he relied on them, and why reliance was reasonable. Id. Moreover, Plaintiff fails to allege that he relied on these statements. Johnson, 663 S.E.2d at 783. The lack of factual information leads to a vague and conclusory complaint that fails to satisfy Rule 9(b). See, e.g., Moore, 840 F. Supp. 2d at 1349-50 (finding Rule 9(b) not met in action against drug manufacturer where plaintiff did not provide facts about time, location, substance, and method of communication of defendant's allegedly fraudulent statements or omissions or about how decedent relied on statements and omissions); Henderson v. Sun Pharm. Indus., Ltd., No.

4:11-CV-0060-HLM, 2011 WL 4024656, at *6 (N.D. Ga. June 9, 2011) (holding allegations failed to state a claim or satisfy Rule (b) where plaintiff did not provide examples of specific fraudulent statements or representations, or time, place, or context within which they occurred); Edwards v. Wisconsin Pharmacal Co., LLC, No. 3:13-CV-143-TCB, 2013 WL 6512050, at *4-5 (N.D. Ga. Dec. 13, 2013) (finding plaintiff failed to meet Rule 9(b) where he identified single alleged advertisement but offered no details about when or where advertisement was placed).

### 3. Plaintiff Fails to State a Claim for Conspiracy Because It Is Based on His Underlying Claim of Fraud, Which This Court Is Dismissing.

Plaintiff alleges that "Defendants conspired to conceal and suppress scientific research on the deadly effect of involuntary exposure of nonsmokers to tobacco smoke." (Doc. no. 1, p. 10.) In essence, Plaintiff alleges Defendants have engaged in a conspiracy to defraud. "In order to recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1090 (11th Cir. 2004) (internal quotation omitted). However, "[i]f the fraud claims fail, so too must the conspiracy to commit fraud claim." Gault v. Brown & Williamson Tobacco Corp., 1:02-CV-1849-RLV, 2005 WL 6523483 (N.D. Ga. Mar. 31, 2005) (citing Mustaqeem–Gravdon v. Sun Trust Bank, 573 S.E.2d 455, 461 (Ga. Ct. App. 2002)). Therefore, because this Court is recommending dismissal of Plaintiff's fraud claim, it also recommends dismissal of Plaintiff's conspiracy to commit fraud claim.[1]

---

[1] In a simultaneously-issued Order, the Court is allowing Plaintiff to proceed on his claims in strict product liability, negligence, and gross negligence.

7

## II. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for fraud and conspiracy to commit fraud be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 18th day of July, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA